**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KAMAL MUSTAFA, *et al.*,** | * | |
| **Appellants,** | * | |
| **v.** | * | **Civ. No. DLB-25-1735** |
| **TRANSAM HOLDINGS, LLC,** | * | |
| **Appellee.** | * | |

**MEMORANDUM AND ORDER**

This order denies Kamal Mustafa and Fatima Mustafa's ("the Mustafas") "Motion for Rehearing and to Alter or Amend the July 14, 2026 Order of Dismissal" ("motion for reconsideration"). ECF 16. In their motion, the Mustafas ask the Court to reconsider its July 14, 2026 Order, ECF 15, dismissing the Mustafas' appeal of a May 30, 2025 Order of the bankruptcy court in Case No. 25-13171 for lack of jurisdiction.

This case pertains to real property located at 14406 Autumn Branch Terrace, Boyds, Maryland 20841 ("the property"), which has been the subject of lengthy litigation. The Mustafas bought the property on May 5, 2005. *See Mustafa v. PennyMac Corp.*, No. PJM 16-494, 2017 WL 1176057, at *1 (D. Md. Mar. 29, 2017). The property was sold to Pennymac Corp. in a foreclosure sale on May 14, 2014, and the Circuit Court for Montgomery County ratified the sale on August 13, 2014. *See Ward v. Mustafa*, No. 382518V (Cir. Ct. Montgomery Cnty.) (Aug. 13, 2014 Order of ratification of sale).

On July 20, 2015, Fatima Mustafa filed a petition for Chapter 7 bankruptcy, which was later converted to a Chapter 13 bankruptcy proceeding. *See In re Fatima Mustafa*, No. 15-20053 (Bankr. D. Md. filed July 20, 2015). Upon the filing of bankruptcy, an automatic stay against any recovery or possession of the property was imposed pursuant to 11 U.S.C. § 362(a). On February

23, 2016, the bankruptcy court lifted the automatic stay, *see In re Fatima Mustafa*, ECF 99, at 2, which the district court, *see Mustafa*, 2017 WL 1176057, at *3–4, and then the Fourth Circuit, *see Mustafa v. PennyMac Corp.*, 696 Fed. App'x 638 (4th Cir. 2017) (per curiam), affirmed.

While the appeal of the order lifting the automatic stay in Fatima Mustafa's bankruptcy case was pending before the district court, Kamal Mustafa filed for Chapter 13 bankruptcy. *See In re Kamal Mustafa*, No. 16-25438 (Bankr. D. Md. filed Nov. 22, 2016). Again, an automatic stay against any recovery or possession of the property was imposed pursuant to 11 U.S.C. § 362(a). That stay remained in place for several years. Then, on March 20, 2020, PennyMac transferred its claim to the property to TransAm Holdings, LLC ("TransAm"). *Id.* at ECF 162. TransAm subsequently sought relief from the automatic stay, which the bankruptcy court granted on October 1, 2020. *Id.* at ECF 197. The Mustafas appealed the order granting TransAm relief from the automatic stay to the district court, but then they reversed course and filed a motion to dismiss their own appeal, which the district court granted. *See Mustafa v. TransAm*, No. TDC-20-2872, ECF 5 (D. Md. Nov. 10, 2020).

With the stay lifted, TransAm proceeded with its efforts to obtain possession of the property in the Circuit Court for Montgomery County. There, too, the Mustafas vigorously pursued but did not obtain relief. The Circuit Court for Montgomery County finally entered a judgment of possession in TransAm's favor on February 1, 2024. *See Ward*, No. 382518V (Feb. 1, 2024 paperless order granting judgment for possession in TransAm's favor). The Mustafas appealed to the Appellate Court of Maryland, which affirmed the Circuit Court's order granting possession. *Id.* (Nov. 4, 2024 Order affirming judgment). They then sought review in the Supreme Court of Maryland, which denied their petition for writ of certiorari on January 29, 2025. *Id.* The writ of possession for TransAm was issued and placed in the sheriff's box on January 30, 2025. *Id.*

Before TransAm could execute the writ of possession, Kamal Mustafa again filed for Chapter 13 bankruptcy. *See In re Mustafa*, No. 25-13171-LSS (Bankr. D. Md. filed Apr. 11, 2025). Once again, this triggered an automatic stay pursuant to 11 U.S.C. § 362(a).

On May 30, 2025, the bankruptcy court (1) lifted the automatic stay to allow TransAm to take possession of the property and (2) imposed an equitable servitude barring the property from inclusion in any future bankruptcy proceeding for two years. *TransAm Holdings, LLC v. Mustafa (In re Mustafa)*, No. 25-13171-LSS, ECF 42 (Bankr. D. Md. May 30, 2025). That same day, rather than seek reconsideration of the bankruptcy court's order, the Mustafas appealed the order "granting relief from the automatic stay" to this Court. ECF 11, at 3. If the Mustafas wanted to keep the automatic stay in place pending resolution of their appeal, they could have asked the bankruptcy court to stay its order pending appeal, but they did not. *See* Fed. R. Bankr. P. 8007(a)(1)(A) ("Ordinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of the bankruptcy court's judgment, order, or decree pending appeal[.]"). Nor did the Mustafas seek emergency relief from this Court. Meanwhile, with the automatic stay lifted while the appeal was pending, TransAm pursued its right to possession, and on August 6, 2025, TransAm took possession of the property. *See* ECF 15, at 2 n.2.

On July 14, 2026, this Court dismissed the appeal for lack of subject matter jurisdiction. ECF 15, at 1–2. The Court found that the appeal was moot because, while the appeal was pending, TransAm had taken possession of the property. *Id.* at 2. Thus, the Court held, if it were to reverse the grant of relief from the automatic stay, the reversal would have no practical effect because TransAm already took possession of the property the Mustafas wanted to retain. *See id.* (citing *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016); *Afsar v. RJRE Invs.*, No. PWG-16-3024, 2017 WL 1058159, at *2 (D. Md. Mar. 20, 2017); *Constructivist*

*Found., Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000)). Because the single issue raised on appeal was moot, the Court dismissed the appeal for lack of subject matter jurisdiction.[1]

The next day, the Mustafas moved to alter or amend the Court's July 14, 2026 Order. ECF 16. TransAm filed an opposition, ECF 18, and the Mustafas filed a reply, ECF 24. On August 21, the Mustafas filed a "Motion for Leave to File Notice of Supplemental Evidence," ECF 25, in support of their motion for reconsideration. This motion, construed as a motion to supplement their reply brief, is granted. The Court has considered its contents.

The Mustafas filed their motion for reconsideration pursuant to Federal Rule of Bankruptcy Procedure 8022 and Federal Rule of Civil Procedure 59(e). Rule 59(e) is not the proper vehicle for the motion; Bankruptcy Rule 8022 is. *See Reynolds v. Md. Dep't of Lab., Licensing & Regul.*, No. ELH-17-3158, 2018 WL 5045192, at *1 & n.1 (D. Md. Oct. 16, 2018) (citation modified) (quoting

[1] Mootness is jurisdictional and "constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citation modified) (citing U.S. Const. art. III, § 2). Upon a finding of mootness here, the Court dismissed this case for lack of subject matter jurisdiction because the Fourth Circuit had held that "[w]hen a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015). The Court notes, however, that the Supreme Court and courts from other jurisdictions have treated mootness, like other justiciability doctrines (e.g., standing or ripeness), as distinct from subject matter jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 512 (1969) ("[T]here is a significant difference between determining whether a federal court has jurisdiction of the subject matter and determining whether a cause over which a court has subject matter jurisdiction is justiciable." (citation modified)); *Oryszak v. Sullivan*, 576 F.3d 522, 526 n.3 (D.C. Cir. 2009) ("That a particular dispute is nonjusticiable, however, does not mean the court lacks jurisdiction over the subject matter."); *Dellew Corp. v. United States*, 124 Fed. Cl. 429, 432 (2015) ("Lack of subject matter jurisdiction is distinct from the mootness doctrine."); *United States v. Louisiana*, 196 F. Supp. 3d 612, 660 n.57 (M.D. La. 2016) ("Courts often treat standing and mootness, two justiciability doctrines, as a subset of subject-matter jurisdiction. Nevertheless, the concepts derive from different textual sources in the Constitution and are conceptually distinguishable." (citation modified)), *vacated on other grounds*, No. 3:11-CV-470-JWD-RLB, 2017 WL 4118968, at *1 (M.D. La. Aug. 21, 2017). Regardless of whether this case is dismissed because a moot case is not justiciable or whether mootness strips the Court of subject matter jurisdiction, the fact remains that this case is moot and must be dismissed.

*In re Bli Farms, P'ship*, 465 F.3d 654, 658 (6th Cir. 2006)) (observing that Rule 59(e) does not apply "to a district court sitting as a bankruptcy appellate court" and that "every reported federal appellate decision to have [considered the issue] has concluded that Bankruptcy Rule 8022 'provides the sole mechanism for filing a motion for rehearing from a final order of the district court sitting in its capacity' as a bankruptcy appellate court").

Bankruptcy Rule 8022 permits a movant to file a "Motion for Rehearing" when "the movant believes the district court . . . has overlooked or misapprehended" a "point of law or fact." Fed. R. Bankr. P. 8022(a)(2). Yet "Rule 8022 is silent as to the appropriate standard for granting a rehearing, and the Fourth Circuit has not designated a standard." *In re Hoang*, No. DKC 18-0443, 2019 WL 1958564, at *2 (D. Md. 2019). Confronted with this silence, several courts have found that "[u]nder Rule 8022, 'rehearing' is a term of art that is analogous to 'reconsideration,'" *Reynolds*, 2018 WL 5045192, at *2 (citing *In re Zegeye*, No. 2004-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005)), and accordingly determined that "the standard used to evaluate motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate."[2] *Kelly v. Schlossberg*, No. PX-17-3847, 2018 WL 4357486, at *2 (D. Md. Sept. 12, 2018) (collecting cases). This Court reviews the Mustafas' motion for reconsideration under the Rule 59(e) standard.

"Reconsideration is an extraordinary remedy, to be used sparingly, available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to

---

[2] Historically, some district courts sitting as bankruptcy appellate courts also have looked to Federal Rule of Appellate Procedure 40 for guidance when reviewing a motion for rehearing. *E.g.*, *In re Zegeye*, No. DKC-04-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005). Appellate Rule 40 directs, in relevant part, that a petition for rehearing must "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(b)(1)(A). Its criteria have been incorporated into Bankruptcy Rule 8022. *See* Fed. R. Bankr. P. 8022 advisory committee's note to 2014 amendment.

correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (citation modified). A clear error of law means the decision was "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation modified). A "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation modified). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

The Mustafas do not contend that there has been an intervening change in controlling law or that previously unavailable evidence has surfaced. Instead, they argue that the Court erred in two respects.

First, the Mustafas argue that the Court focused only on the first part of the bankruptcy court's order—the lifting of the automatic stay—and did not address the second part of the order—the imposition of an equitable servitude barring the property from inclusion in bankruptcy proceedings for two years. As the Mustafas see it, the imposition of the equitable servitude was not mooted when TransAm took possession of the property, and vacating the equitable servitude "would grant Appellants concrete, effective relief regardless of who currently possesses the Property." ECF 16, at 2. Even if the Mustafas are correct as a matter of law that the imposition of an equitable servitude was not mooted by the transfer of the property to TransAm—and the Court does not find they are—the Mustafas are not entitled to relief on that ground because they did not appeal the imposition of the equitable servitude; they appealed only the lifting of the automatic stay. *See* ECF 11, at 3 ("Appellants now appeal from the bankruptcy court's order granting relief

from the automatic stay.").[3] The Mustafas forfeited review of the imposition of the equitable servitude by failing to raise it on appeal. *See Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (a party forfeits appellate review of issues and claims not raised in the party's briefs).[4]

Next, the Mustafas assert that the Court erred when it found their appeal moot. They argue that the "authorities relied upon in the July 14, 2026 Order involved circumstances in which relief had become impractical, including completed sales to third parties." ECF 16, at 2 (citing *Constructivist*, 254 B.R. at 865). And here, by contrast, the Mustafas argue, relief is not impractical because "no sale to a third-party purchaser has occurred: the record before the Court reflects that the Property is vacant . . . and that possession is held by [TransAm] itself—the very party to this appeal." *Id*. Whatever merit there may be to the Mustafas' read of *Constructivist*, the Mustafas ignore the other authority cited by the Court holding that an appeal becomes moot when, as here, the appellee-creditor takes physical possession of the appellant-debtors' property during the

---

[3] Further proof that the Mustafas appealed only the lifting of the automatic stay and not the imposition of an equitable servitude is their statement of the issues in their opening brief:

> 1. Whether the Bankruptcy Court erred in granting relief from the automatic stay to TransAm Holdings, LLC, an entity that was not the party awarded a judgment for possession in the state court proceeding and that has no demonstrated legal interest in the property at issue? 2. Whether the Bankruptcy Court erred in failing to give proper preclusive effect to the state court judgment in favor of TransAm Holding, LLC (without an "s") as required by 28 U.S.C. § 1738?

ECF 11, at 3.

[4] The principle that appellate review is limited to the issues raised on appeal from the district court to the court of appeals applies to the issues raised on appeal from the bankruptcy court to the district court. *Compare* Fed. R. Bankr. P. 8014(a)(5) & (8) (appellant's brief on appeal to district court must contain statement of the issues presented and arguments with citations to authority and the record), *with* Fed. R. App. P. 28(a)(5) & (8)(a) (same as to appeals to court of appeals); *see generally In re Price*, 678 B.R. 229, 238 (10th Cir. BAP 2026) ("[A]n appellant can forfeit an issue on appeal [to the district court or a bankruptcy appellate panel] by failing to raise the issue in the appeal itself. This can be done either by inadequately briefing the issue or by failing to raise the issue in the appellant's opening brief.").

pendency of the appeal. *See* ECF 15, at 2 (citing *Afsar*, 2017 WL 1058159, at *2). The Court did not commit a clear error of law when it dismissed the appeal as moot. *See also, e.g.*, *Hatley v. Dogwood Creek Apts.*, No. 10–2152–STA–cgc, 2010 WL 2521078, at *2 (W.D. Tenn. June 16, 2010) (finding appeal moot because debtor who had vacated apartment leased from creditor was "no longer in possession of the subject premises"); *In re Lashley*, 825 F.2d 362, 364 (11th Cir. 1987) ("When a debtor does not obtain a stay pending appeal of a bankruptcy court or district court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal." (citation modified)).

The Mustafas have not established that relief from the Court's July 14, 2026 Order is warranted. They have not pointed to an intervening change in controlling law or previously unavailable evidence, and they have not proven that reconsideration is necessary to correct a clear error of law or prevent a manifest injustice. If the Mustafas believe this Court has erred, they may file a notice of appeal with the United States Court of Appeals for the Fourth Circuit.

Accordingly, it is this 22nd day of September, 2026, by the U.S. District Court for the District of Maryland, hereby ORDERED that:

1. The motion to alter or amend the judgment, ECF 16, is DENIED;
2. The motion for leave to file notice of supplemental evidence, ECF 25, is GRANTED;
3. The Clerk SHALL SEND the Mustafas a copy of this Order; and
4. The Clerk SHALL CLOSE this case.

Deborah L. Boardman
United States District Judge